IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-671-FDW

| CHANTEL E. WARRINGTON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) |  |
| CHRIS KING, Police Officer, Cornelius Police Department, JOHN DOE, Police Officer, Cornelius Police Department, JANE DOE, Police Officer, Cornelius Police Department, | ) | ORDER |
| Defendants. | ) |  |

**THIS MATTER** is before the Court on Plaintiff's Motion to Proceed In Forma Pauperis, (Doc. No. 2).

On October 10, 2012, Plaintiff filed this action under 42 U.S.C. § 1983. Plaintiff's action arises from a traffic stop on September 7, 2012, in which Defendant King, a police officer with the Cornelius Police Department in Mecklenburg County, initiated a traffic stop while Plaintiff was driving her 2006 Mercedes Benz. (Doc. No. 1 at ¶¶ 24-29). Plaintiff alleges that she "does not have a contractual agreement known as a Drivers License with the Corporation [the State of North Carolina].[1] (Id. at ¶ 20). Plaintiff told the police officers that she "was not operating in

---

[1] The Complaint includes language used by individuals claiming to be sovereign citizens. These individuals claim that they are not subject to the laws of the United States or of the individual States. Ironically, these individuals attempt to invoke the protections of the U.S. Constitution and federal statutes, while at the same time contending that they are not subject to these very laws. See El-Bey v. City of Greensboro, No. 1:10cv572, 2011 WL 4499168, at *1 n.2 (M.D.N.C. Sept. 27, 2011). No court has ever found merit in the claims by these individuals that they are somehow not subject to the laws of the United States or of the individual States by virtue of their claims of "sovereign citizenship." See El-Bey, 2011 WL 4499168, at *1 n.1 ("By

-1-

commerce and asked if she was being detained for any reason." (Id. at ¶ 31). Defendant King told Plaintiff he pulled her over because she was driving without a license tag. (Id. at ¶ 32). Plaintiff showed Defendant her passport and soon after that defendant officers Jane Doe and John Doe arrived.

According to Plaintiff, Defendant King then shouted at Plaintiff to get out of her car. Plaintiff told Defendant King that she was very afraid wanted to end the "encounter." (Id. at ¶ 44). At that point, Defendant King opened the car door, grabbed Plaintiff's arm, and pulled her out of the car. Plaintiff yelled for help, stating that she was being kidnapped. (Id. at ¶ 47). Officer King and Jane Doe then held Plaintiff down, threw her on the top of the car hood, handcuffed her, "illegally" searched Plaintiff's car, arrested Plaintiff, and took Plaintiff to the sheriff's office for processing. (Id. at ¶¶ 48-49, 59). Plaintiff alleges that she was "falsely arrested and never mirandized," and that the officers ordered Plaintiff's dog "to be impounded." (Id. at ¶ 58).

Based on the above allegations, Plaintiff has brought a plethora of constitutional claims against the defendant police officers including, among other things, a claim for excessive force.

Plaintiff submitted an application for in forma pauperis along with the Complaint. In the application, Plaintiff has asserted, under penalty of perjury, that she has no income; no expenses, including no expenses for food or transportation; no bank accounts; no assets, including no motor vehicles; and no dependents.

Given Plaintiff's allegations in her Complaint, the Court finds that at least two assertion

---

now, the path of these litigants is well-traveled; and courts have repeatedly rejected their claims as frivolous."). If not for Plaintiff's excessive force claim, which could possibly survive a Rule 12(b)(6) dismissal, this action would be subject to sua sponte dismissal as frivolous if Plaintiff were to obtain in forma pauperis status. See 28 U.S.C. § 1915A(b).

made by Plaintiff are simply false. That is, Plaintiff alleges in her Complaint that she was stopped by police officers while she was driving her 2006 Mercedes Benz. (Doc. No. 1 at ¶¶ 15, 16). In her application, however, she attests that she owns no assets, including no motor vehicles. The Court finds that this statement is false. The Court further notes that Plaintiff has declared that she has no expenses whatsoever, including expenses for food or transportation. These assertions are also false. First, as noted, Plaintiff alleged in the Complaint that she owns a Mercedes Benz. Of course, Plaintiff must spend money on gasoline in order to drive her motor vehicle. Next, common sense dictates that Plaintiff has at least some expenses for food. That is, Plaintiff needs to eat to survive, and food costs money. Plaintiff has stated under penalty of perjury, however, that she spends nothing on food. The Court finds that this statement is false.

Federal courts may allow a litigant to prosecute a civil action without paying the usual required fees if the individual submits an affidavit containing a statement of his or her assets and demonstrating that he or she cannot afford to pay the required fees. 28 U.S.C. § 1915(a)(1). The IFP statute is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. Flint v. Haynes, 651 F.2d 970, 972 (4th Cir. 1981). An impoverished plaintiff does not have to prove that he or she is "absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. Du Pont de Nemours & Co., 335 U .S. 331, 339 (1948). Rather, an affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still provide for the necessities of life. Id.

However, if a court determines at any time that the allegation of poverty made in an IFP application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). Thus, under the plain language of the statute, dismissal is mandatory if the

court concludes that an applicant's allegation of poverty is untrue.  See Justice v. Granville Cnty. Bd. of Educ., Nos. 5:10-cv-539B-R, 5:11-cv-99-BR, 5:11-cv-400-BR, 5:11-cv-706-BR, 2012 WL 1801949 (E.D.N.C. May 17, 2012); Staten v. Tekelec, Nos. 5:09-cv-434-FL, 5:10-CV-180-FL, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); Berry v. Locke, No. 1:08cv697 (JCC), 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), appeal dismissed, 357 F. App'x 513 (4th Cir. 2009) (unpublished).  The Court notes further that the paragraph above the signature line on Plaintiff's in forma pauperis application states, in pertinent part: "I declare under penalty of perjury that the information below is true and understand that a false statement may result in a dismissal of my claims."  (Doc. No. 2 at 1).

Given that Plaintiff has made false statements in her application in forma pauperis application, the Complaint is subject to dismissal.  Before dismissing the Complaint, the Court will grant twenty days for Plaintiff to provide proof of her income and expenses, or lack thereof.  As proof, Plaintiff shall file in this Court any W2 wage statements, social security benefit statements, her federal tax returns for 2011, her bankruptcy documents, and any other relevant documents.  As to her expenses, or lack thereof, Plaintiff shall provide to this Court documents verifying any expenses, or lack thereof.

Finally, the Court hereby warns Plaintiff that, in addition to facing dismissal of her Complaint for making false statements to this Court, she also could potentially face criminal charges for perjuring herself before this Court.  Given the statements that Plaintiff has made to this Court under penalty of perjury, the Court will not hesitate to use all appropriate remedies in order to deter Plaintiff from making false assertions to the Court.

**IT IS THEREFORE ORDERED** that Plaintiff shall, within twenty (20) days of entry of this Order, submit proof of her income and expenses, or lack thereof, within the past twelve (12)

months. Plaintiff shall, furthermore, show cause to this Court why the Complaint should not be dismissed based on Plaintiff's false assertions in her IFP application. The Court warns Plaintiff in advance that any assertions that she is not subject to the laws of the United States or of the individual States will not suffice as cause for failure to be truthful in her IFP application.

    **IT IS SO ORDERED**.

Signed: October 29, 2012

Frank D. Whitney
United States District Judge